1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
8                           AT TACOMA

9    SCOTT C. SMITH,

10                    Plaintiff,

11          v.                                    Case No. C06-5455 RBL/KLS

12   CAROLINE HARDY, *et al.*,                    ORDER DENYING PLAINTIFF'S
                                                  MOTION TO COMPEL
13                    Defendants.

14

15          This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge

16   Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the

17   Court is Plaintiff's motion to compel.  (Dkt. # 34).  After careful review of Plaintiff's motion,

18   Defendants' response (Dkt. # 36), and Plaintiff's reply (Dkt. # 37), the Court finds that the motion to

19   compel should be denied.

20

21                                **I.  DISCUSSION**

22   **A.      Plaintiff's Request for Production**

23          Plaintiff is an inmate at Stafford Creek Corrections Center (SCCC).  On or about June 6,

24   2006, Plaintiff attempted to mail a letter to James Kilgore, who is not a member of Plaintiff's

25   immediate family.  The mailroom rejected this letter, claiming that Plaintiff was attempting to

26   ORDER - 1

1  improperly solicit goods or money from a non-immediate family member without prior permission,

2  contrary to Department of Corrections (DOC) Policy 450.100V(A)(6).  (Dkt. 26, Exh. B-D).

3          Plaintiff requested that Defendants produce "all documents with any relation to SCCC

4  surveillance of plaintiff's mail - incoming or outgoing."  (Dkt. # 35, Exh. 1, Attach. A).  Defendants

5  produced a redacted 39-page mailroom "hot list."  The hot list contained Plaintiff's name, but

6  Defendants redacted all other information on the list pertaining to other inmates at SCCC, noting in

7  their response that the redactions were made for confidential information or inmate safety.

8  Defendants argue that the redacted information is not relevant because Plaintiff only requested the

9  surveillance as to his incoming or outgoing mail.  In addition, Defendants argue that inmates are

10  prohibited by DOC from possessing this type of information about other inmates because there is a

11  high likelihood that it can have serious consequences for facility security.  (Dkt. # 36, Exh. 2 ¶ 2).

12          Plaintiff states that he does not want information relating to other inmates.  He states that

13  there is a redacted paragraph after his name and that he is entitled to that information and all

14  information on the redacted mail room hot list pages that pertain to him.  (Dkt. # 37 at 2).

15          Plaintiff also complains that Defendants have not cooperated in scheduling their depositions.

16  Defendants protest that they have not yet had the opportunity to respond.

17  **B.      Standard of Review**

18          A party may obtain discovery of relevant information.  Fed. R. Civ. P. 26(b)(1).  Relevant

19  information is defined as information that is "reasonably calculated to lead to the discovery of

20  admissible evidence." Fed. R. Civ. P. 26(b)(1).   However, the Court may deny discovery of relevant

21  information if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.

22  Civ. P. 26(b)(2)(iii). In determining the likely benefit the Court may consider "the needs of the case,

23  the amount in controversy, the parties' resources, the importance of the issues at stake in the

24  litigation, and the importance of the proposed discovery in resolving the issues." *Id.*

25

26  ORDER - 2

1  **C.      Plaintiff's Request for Production of Unredacted Hot List Is Not Relevant Nor Likely To Lead to The Discovery Of Admissible Evidence If Not Directly Related to His Incoming/Outgoing Mail**

2

3       Plaintiff's civil rights action is based on his claim that the mailroom staff at SCCC improperly

4  rejected his outgoing mail.  A mailroom hot list is a document used by mailroom staff to surveil

5  incoming and outgoing mail of inmates.  (Dkt. # 35, Exh. 2).  Surveillance of mail is done to prevent

6  offenders from receiving or sending contraband, or any other material that threatens or undermines

7  the security and order of the facility, through the mail, and to prevent criminal activity.  (*Id*.).  For

8  example, some inmates have no-contact orders against them.  This list allows mailroom staff to

9  identify any person(s) that specific inmates are not allowed to contact.  (*Id*.).

10       Plaintiff's request for information on the mailroom hot list relating to *his* incoming and

11  outgoing mail may be relevant to his claims in this matter.  The Court fails to see how information

12  regarding any other inmate could possibly be relevant or likely lead to the discovery of admissible

13  evidence relating to Plaintiff's claims of constitutional violations arising from rejection by mailroom

14  staff of Plaintiff's letter.   Plaintiff claims that he does not want information related to any other

15  inmate, but seeks only information that is related to him and states that there is redacted information

16  under his name that appears to be related to him.  ((Dkt. # 37 at 2).

17       Although neither party produced the redacted "hot list" for the Court's examination,

18  Defendants state that only information regarding other inmates has been redacted and that

19  information relating to Plaintiff has been produced.  (Dkt. # 36, Exh. 1 and Attach. A).

20  Accordingly, Plaintiff's motion to compel is denied.

21

22  **D.      Plaintiff's Motion to Compel Depositions**

23       Plaintiff complains that Defendants have not cooperated in scheduling their depositions.

24  Defendants excuse their delay because of the pending summary judgment motions (Dkt. # 31 and 33)

25  and because discovery cut-off is not until June 1, 2007.   Those motions are the subject of a separate

26  ORDER - 3

1    Report and Recommendation, which shall issue from this Court under separate Order shortly.

2             In the meantime, the parties should cooperate in deposition discovery as with all discovery.

3    If the parties cannot come to an agreement, Plaintiff may schedule depositions pursuant to Fed. R.

4    Civ. P. 30(b)(1) and send notice of the deposition and subpoena to Defendants' counsel.  If

5    Defendants do not appear for their depositions, Plaintiff may then file a motion to compel pursuant to

6    Fed. R. Civ. P. 37 with this Court.

7             Accordingly, Plaintiff's motion to compel (Dkt. # 34) is **DENIED.**

8

9             DATED this 17th  day of April, 2007.

10

11

12

13                                                      Karen L. Strombom
                                                        United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26    ORDER - 4