UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

                          Plaintiff,

      v.

CAROLINE HARDY, et al.,

                         Defendants.

No. C06-5455-RBL/KLS

ORDER DENYING MOTION TO
ENFORCE AND GRANTING PAYMENT
OF COSTS TO BRING MOTION

Before the court is Plaintiff's motion for enforcement and order of sanctions. Dkt. 61. Having carefully reviewed the motion, Defendants' response (Dkt. 65), and Plaintiff's reply (Dkt. 66), the court finds and orders as follows:

**Background**

This matter was remanded and re-referred to the undersigned following reversal of this Court's Order (Dkt. 42) granting summary judgment in favor of Defendants on all of Plaintiff Scott C. Smith's claims. Dkts. 50 and 51. On remand, the Ninth Circuit directed this Court to address qualified immunity and Plaintiff's third claim for failure to supervise and train in light of its summary disposition. Dkt. 50. [1]

---

[1] The parties subsequently settled and the case was dismissed. Dkt. 58.

ORDER DENYING MOTION TO ENFORCE AND FOR SANCTIONS - 1

As the prevailing party on appeal, Plaintiff filed a bill of costs seeking his appeal fee of $455.00. Dkt. 53. Defendants did not oppose Plaintiff's cost bill and by order dated April 8, 2009, this court granted Plaintiff's cost bill and ordered the Defendants to pay the $455.00 appeal filing fee directly to the District Court Clerk. Dkt. 56. The court determined that as of the date of its order, no monies collected from Plaintiff by DOC for filing fees Plaintiff owed to the District Court had been applied to his appeal filing fee in this case: "No deductions have been applied toward payment of the appellate filing fee". *Id.*, p. 2, l. 11. In addition, the court directed the Washington Attorney General's Office, Criminal Justice Division, to notify the Washington DOC to "cancel the collection of any said monthly payments from Mr. Smith's account for the collection of the appeal fee" in this case. *Id.*, pp. 2-3.

## DISCUSSION

In his motion for enforcement of order and for sanctions, Mr. Smith asserts that DOC violated the April 8, 2009 Order by continuing to collect the appeal fees in this case and keeping the appeal fee as a lien on his inmate account. Dkt. 61, p. 2. He seeks an order holding Defendants in contempt for violating the April 8, 2009 Order, imposing unspecified sanctions against Defendants, eliminating the appeal fee debt from Plaintiff's DOC account, requiring the court to reimburse him $297.04 that he believes he overpaid for his appeal fee, and granting him $5.00 costs against Defendants for filing the instant motion. *Id.*, p. 4.

Defendants complied with the court's Order requiring them to pay the $455.00 appeal fee to the court. Dkt. 65, p. 2. Counsel for defendants admits that he failed to notify DOC that collection of the appeal fee was cancelled, but he has now done so, thus eliminating any lien on Mr. Smith's DOC account for the appeal filing fee in this case. *Id.* For his delay in notifying

ORDER DENYING MOTION TO ENFORCE AND FOR SANCTIONS - 2

DOC, defense counsel is not opposed to Mr. Smith's request to be reimbursed $5.00 for having to file the motion to obtain compliance with the court's previous order.

Defendants concede that DOC's account records suggest that Plaintiff has overpaid his appeal fee in this case, but that DOC's account records do not accurately reflect how the court clerk has actually applied the funds sent to the court by DOC. *Id.* The court's previous review of payments made by Plaintiff indicated that the only money applied to Plaintiff's appeal fee in this case was the $455.00 sent to the court by the Defendants. In light of the apparent inconsistency between the court's records and those of DOC, the court has again reviewed its account records of payments received from DOC out of Plaintiff's DOC account. This review reveals that Plaintiff had four active accounts with the court, two of which have been paid in full, and that his remaining balance for the payment of filing fees *with the District Court* is $200.30.

In this case, Mr. Smith has paid $175.19 toward his $350.00 initial filing fee and there is a balance owing of $174.81. The $455.00 appeal fee for USCA # 07-35430 was paid by the AG's office pursuant to Dkt. 56. No payments received by the District Court were applied to the appeal fee.

In Case No. C06-5712, Mr. Smith has paid the $350.00 filing fee in full. There is no balance owing.

In Case No. 07-5108, Mr. Smith has paid $324.51 toward the $350.00 filing fee, leaving a balance remaining of $25.49. (The appeal in this case (USCA 07-35927) was dismissed for failure to pay the filing fee).

In Case No. C09-5228, Mr. Smith paid the $350.00 filing fee in full. There is no balance owing.

Although DOC records may reflect that monies are being deducted for payment of fees in a particular case, the District Court has applied all payments toward the amounts outstanding on Mr. Smith's accounts for the district court filing fee.

Accordingly, it is **ORDERED**:

(1)     Plaintiff's motion for enforcement and sanctions (Dkt. 61) is **DENIED, except that counsel for defendants shall pay Plaintiff's cost for bringing the motion in the amount of $5.00.**

(2)     The Clerk of Court is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.


DATED this <u>18th</u> day of December, 2009.



Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO ENFORCE AND FOR SANCTIONS - 4